FletcheR, J.
This is an action of debt, founded on two alleged judgments, purporting to have been rendered in the county court of the county of Hartford and State of Connecticut, in favor of the plaintiffs, against the defendant Brewer, and one Elbridge G. Roberts of the city and State of New York, and Charles L. Roberts, of Simsbury, in the said State of Connecticut. The writ also contains counts upon a note and an account, which were the original causes of action upon which said judgments were rendered. The case is submitted to the court on an agreed statement of facts.
The present suit proceeds against Brewer alone, and the defence is made by him alone, the process not having been served on the other persons named in the judgments. The judgments were rendered in March, 1840. By the original writs, in the cases in which said judgments were rendered, it appears that the defendant and Charles L. Roberts and Elbridge G. Roberts were declared against as partners, under the name and firm of the New England Carpet Company; but, by the return of the officer, it appears that service was made upon Charles L. Roberts only, and not upon the defendant nor the said Elbridge G. Roberts, who were neither of them ever inhabitants of, or residents in, said State of Connecticut. The defendant Brewer was an inhabitant and resident of Massachusetts, and E. G. Roberts was an inhabitant and *395 resident of the city of New York, and Charles L. Roberts was an inhabitant and resident of the State of Connecticut, and was the managing partner; and all the partners signed and published a notice, that he was the general agent of the firm.
The writs in the suits, in which the judgments were rendered, were served on Charles L. Roberts, but were not served on this defendant Brewer, nor on E. G. Roberts ; but it is not necessary to refer to the latter, as this suit is against Brewer alone.
Upon the entry of the suits in the county court of Connecticut, the initials of Thomas C. Perkins, an attorney at law, were entered upon the writ and docket, to indicate that he appeared for the defendants, in the mode in which it was usual to enter the appearance of attorneys for parties. What is the legal effect of such an appearance upon the defendant Brewer, is one of the questions raised and discussed in the present case ? The appearance of the attorney Perkins was thus entered, upon the application of Charles L. Roberts, who was an inhabitant of Connecticut, and had been duly served with process. Perkins testified that he had no communication with Brewer in regard to the suit, and had no authority from him to appear for him. The records of the cases, as extended, did not show any appearance.
It is maintained, on the part of the defendant Brewer, that these judgments cannot be enforced against him in this commonwealth, for the reason that the court rendering the judgments had no jurisdiction over him; because, as he says, he was not within then jurisdiction, was not served with process, did not appear, or authorize any one to appear for him, and, therefore, that these judgments have no force against him in this commonwealth. This presents the first and principal question in the present case.
For the plaintiffs it is insisted, in the first place, that the records of the judgments of the court in Connecticut are conclusive.
But it is a matter now too well settled to admit of discussion, that when a party is not within the jurisdiction of the *396 court, and is not served with process, and does not voluntarily appear and answer to the suit, by himself or his attorney, the judgment cannot be enforced against him out of the local jurisdiction. This point has been fully and repeatedly decided by this court, and, since the institution of this suit, has been directly adjudged by the supreme court of the United States. D'Arcy v. Ketchum, 11 How. 165.
That case is in principle precisely like the present, and lully sustains the position taken in behalf of the defendants.
Next, it is said, for the plaintiffs, that the record of the appearance in the suits in Connecticut is conclusive to bind the defendant Brewer. As it appears by the records that Brewer was not served with process, he cannot, therefore, be hound by the judgments, unless he is bound by the appearance.
The records, as extended, do not show any appearance. But suppose it to be competent to prove, by the initials of the attorney entered on the writs and docket, and other testimony distinct from the records, that the attorney, Thomas C. Perkins, intended to enter a general appearance, still it would amount to nothing more than a general appearance for the partners, as partners, and for the purpose of defending the action against the partnership, and it would not be construed to be an appearance for the partners individually, severally and personally, or for any other purpose than to defend that suit against the partnership. An appearance might be entered to prevent any judgment against the partners,, as partners, or to prevent any levy on partnership property, or on funds in the hands of trustees, or to defend against proceedings in the nature of proceedings in rem against partnership property, or for other similar purposes. That is, the appearance might be to protect rights and interests of the partnership, so far as. involved in those suits, and so far as the court had jurisdiction over such rights and interests ; but not to bind the persons or property of the individual partners, except so far as they were necessarily bound in those suits. There is nothing in the case to show any appearance for this defendant, so as to render the judgments binding upon him individually in this commonwealth.
*397 It is further insisted on, in behalf of the plaintiffs, that it appears by the statute of Connecticut, that the service on' Roberts was sufficient by the lex loci, and that the courts of Massachusetts should uphold that jurisdiction, unless contrary to natural justice.
But the statute of Connecticut could not give its courts jurisdiction over persons not within its limits, and not subject to its laws. Property found in that State may be liable to be taken upon a judgment rendered upon such a service. So, in this commonwealth, an attachment of property found here, of a person not within this commonwealth, may be followed up by a judgment and execution, and the property taken in satisfaction. But, in such case, the property only can be made subject to the jurisdiction, so as to render the judgment binding as a proceeding in rent, but it would not be allowed to operate in personam in the courts of other States.
A statute of New York provides, that a judgment may be rendered against several joint debtors, when one only is brought into court on process. Yet it was decided by the supreme court of the United States, in the case of D'Arcy v. Ketclmm, before referred to, that, where a judgment was given in New York against two partners, one of whom resided in Louisiana, and was never served with process, an action could not be maintained on that judgment, in Louisiana, against the partner residing in that State.
Where there are so many distinct jurisdictions, and so many individuals living in one State, having business or transactions in another or other States, it would be most dangerous to hold a man bound by a judgment in a suit, where no process had been served on him, and where he was not within the jurisdiction of the court.
Another ground taken by the counsel for the plaintiffs is, that if the appearance of Thomas C. Perkins, the attorney, was entered in pursuance of a request of C. L. Roberts, as a general appearance, that Roberts, either by force of his general power as a partner, or as the agent and managing partner, of which public notice was given, had authority to make an appearance generally for the defendants; and that so *398 it was an appearance for Brewer, one of the partners, so that the judgments bind him individually and severally, and that the present action, therefore, upon them may be maintained against him.
There is much discussion in the books, and some conflict oi decisions, as to the power of one partner to enter an appearance for his copartners in suits at law, or to bind them by submission to arbitration, or to confess judgment for them. But it is not necessary to go into a consideration of the authorities on these subjects, or to endeavor to ascertain what, upon the whole, is the established doctrine in regard to these several points.
The merits of this case would not be at all affected by assuming that Charles L. Roberts had authority, either by virtue of his general authority, as partner, or by the authority conferred on him as the agent of the firm, to enter an appearance in the suits in Connecticut, to defend the rights and property of the partnership, so far as they were involved in those suits. It would not come at all within the scope and purpose of such authority, to enter an appearance for this defendant Brewer, for another and distinct purpose and object, so as to give the court a jurisdiction over him individually, which they otherwise would not have, and thus give their judgments a greater force and effect against this defendant personally, than they would have without such appearance. No such authority would be implied as necessary for the interests of the firm, and still less as necessary for the interests of the individual partners.
Supposing, therefore, that the appearance of Perkins was general, and supposing, also — a fact which is not shown by his testimony — that he intended to enter a general appearance, it is clear that he had no authority from Brewer, the defendant, personally, but acted by the request of Roberts alone; and, therefore, the appearance must be regarded as such an one as Roberts had power to make for the firm or partnership only, and to defend their partnership property and rights, and not to bind the individuals who were not within the jurisdiction, and had not been served with process
*399 The court having come to the conclusion that, even during the continuance of the partnership, Roberts had no right to enter an appearance for Brewer individually, so as to give the court jurisdiction over him personally and individually, it is not necessary to determine whether or not the partnership was dissolved.
It was said, by the counsel for the plaintiffs, that, though the defendant was not served with process in the suits in Connécticut yet that he had, in some way, knowledge of the pendency of the suits, and was within the limits of that State at some time while the suits were pending. But these facts cannot affect the principles upon which the decision of this case depends.
The only remaining question is as to the plaintiffs’ right to a judgment against the defendant on the original causes of action, on which the suits in Connecticut were founded.
To maintain the present suit on these causes of action, it must be assumed that Brewer, the present defendant, stands wholly unaffected by the judgments, and that these original causes of action are not merged in them, but remain good as against him.
But any suit on these original causes of action is very clearly barred by the statute of limitations. The causes of action accrued in 1837 or 1838. The plaintiffs were under no disability, and were not within the exception of persons beyond sea. The bar, therefore, took effect in six years from the time the causes of action accrued, which was more thar. six years before the commencement of this suit.
It was urged, in the argument for the plaintiffs, that the operation of the statute of limitations was prevented by the proceedings in the suit in equity. But the decree in that suil was in 1840, more than six years before this action was insti tuted. The court are unable to see how any new promise, on the part of the defendant Brewer, can be implied from anything in the proceedings on the decree in equity; but, if such new promise could be so implied, any suit upon it was barreo by the statute of limitation, before the present suit was commenced. Judgment for the defendants.